

**Himmel & Bernstein, LLP**
928 Broadway, Suite 1000
New York, NY 10010
T (212) 631-0200

The Court shall hold an in-person discovery conference at 2:00 p.m. on June 8, 2022 in Courtroom 520 of the White Plains Courthouse to hear the dispute described in the parties' joint letter, dated June 6, 2022 (Doc. 41).

The Clerk of Court is respectfully requested to terminate the motion sequence pending at Doc. 41.

SO ORDERED.

_____

Philip M. Halpern
United States District Judge

Dated:  White Plains, New York
         June 6, 2022

*By ECF*

Hon. Philip M Halpern
United States District Judge
Southern District of New York
300 Quarropas Street, Room 520
White Plains, NY 10601

Re:  **Belchikov v. XTP Implementation Services, Inc., Inc., et al. – 21 cv 08559 (PMH)**

Dear Judge Halpern:

Our firm represents the defendants.  Counsel for the parties submit this joint letter-motion pursuant to the Court's Individual Rules to request a conference prior to any discovery-related motion.   As set forth below, defendants requested production of relevant tax returns of plaintiff Anna Belchikov and her sole member consulting firm, Dayn Advisors LLC ("Dayn Advisors") (Document Request ## 5&6).  These requests were part of the expedited discovery the Court directed at the April 14, 2022 TEAMS conference on the limited jurisdictional issue of "whether any of the defendants meet the statutory definition of an employer under Title VII . . ."  See Minute Entry of this Court, April 14, 2022.  Under the current amended expedited schedule, the parties have until June 13, 2022 to submit a joint letter regarding the issue.  Defendants require the tax returns to properly present their position to the Court, and ask the Court to set a conference in order to help the parties resolve this issue ahead of the June 13, 2022 deadline.

### A. *Defendants' Position*

Under Title VII, plaintiff must show that she was an employee, and not an independent contractor (see, *Felder v. USTA*, 27 4th 834 [2d Cir. 2022]), and that her employer employed 15 or more people.  Here, plaintiff alleges that although she performed her services for XTP AG (a Swiss Aktiengesellschaft) ("XTP-SW") between 2016 and 2019 pursuant to a consulting agreement, and then worked for XTP Implementation Services, Inc.  ("XTP-US") from March 1, 2020 to July 28, 2020, she was *de facto* an employee of all of the defendants throughout the time period September 2016 to July 28, 2020.  Plaintiff claims that she received wages from all of the defendants either through Dayn Advisors or personally.  (See, Complaint.)

Defendants' position as to the relevance of the tax returns to rebut plaintiff's position on the issue of jurisdiction is three-fold:  (i) plaintiff was an independent contractor of XTP-SW from September 2016 through 2019 pursuant to a consulting agreement between those parties; (ii) plaintiff was never an employee of, and never received wages from, XTP AG (a German Aktiengesellschaft) ("XTP-Ger"); (iii) plaintiff received employment income only from XTP US from March 2020 to July 2020, a period of time during which XTP US employed only three people.

In determining whether or not an individual is an employee or independent contractor, courts review a number of factors, including whether or not the individual provided services to other entities. See, *Saleem v. Corp. Transp. Group, Ltd*., 854 F.3d 131 (2d Cir. 2017).  When sources of income are relevant to the subject matter of the action, courts compel the production of tax returns, subject to appropriate redaction. See, *Michelman v. Ricoh Americas Corp*., 11-CV-3633 (MKB)(EDNY 2013).  Defendants are therefore entitled to obtain documents regarding whether or not plaintiff or Dayn Advisors provided services for other entities during the relevant time period to rebut her claim of exclusivity.  *Michelman*, supra (source of plaintiff's income

relevant to employment discrimination claims "and therefore, Plaintiff must produce her tax returns and accompanying schedules.").

In expedited discovery, plaintiff produced bank records of Dayn Advisors between 2016 and 2020 which support defendants' request for the tax returns.   These records indicate that Dayn Advisors received over $80,000 unrelated to any income earned from XTP.   These records also contradict the following response plaintiff provided to defendants' interrogatory No. 3 requesting information identifying persons or entities to whom either plaintiff or Dayn Advisors provided services during the period September 30, 2016 to July 28, 2020:  "Between September 30, 2016 and July 28, 2020 and as per Defendant's explicit instruction, Plaintiff did not perform services for any individual or entity other than the Defendants." Plaintiff notably leaves out mention of whether Dayn Advisors provided work to others, in contradiction of what the bank records indicate.   The bank records and interrogatory response create a compelling inference that Dayn Advisors was involved in business activities beyond those relating to defendants, which the tax returns would shed further light on as it relates to exclusivity and jurisdiction.

The tax returns are also necessary to rebut plaintiff's claim that she received wages and was employed by XTP-Ger during the relevant time period.  XTP-Ger denies it ever paid any wages or employed plaintiff in any capacity.    The requested tax returns would contain information relevant to XTP-Ger's defense that it was not a joint employer at any time, and in particular was not a joint employer during the March to July 2020 time period.    If plaintiff cannot demonstrate that XTP-Ger was a joint employer with XTP-US, then plaintiff cannot establish the 15-employee minimum threshold required under Title VII, as both XTP-SW and XTP-US employed no more than three (3) people, each, during the relevant time period (i.e., any alleged discriminatory acts that took

place within 300 days prior to plaintiff's March 10, 2021 amended EEOC filing to add XTP-Ger and XTP-SW).

Defendants have made clear that they have no interest in plaintiff's personal, non-business, information and would be willing to accept appropriately redacted returns as well as provide confidentiality of the information. Plaintiff has rejected this overture and maintained its boilerplate objection that "it is not reasonably calculated to lead to the discovery of admissible evidence."

As required by this Court's Individual Rules, counsel will be prepared to demonstrate their adherence to the "meet and confer" rule as required by Fed. R. Civ. P. 37(a)(1).

B. *Plaintiff's Position*

Plaintiffs argue, first, that Ms. Belchikov's personal or marital tax returns are wholly irrelevant. Defendants will not learn from those returns if Dayn Advisors LLC earned income from other clients and, if so, how much. They will learn only Ms. (and possibly, Mr.) Belchikov earned, which is not in issue here.

As for the tax returns of Dayn Advisors LLC, Plaintiffs note the following:

*First,* the weight of the law in this District is firmly set against the production of tax returns unless they are the only possible source of relevant information:

> Although tax returns are not privileged documents, Courts are reluctant to order their discovery in part because of the "private nature of the sensitive information contained therein, and in part from the public interest in encouraging the filing by taxpayers of complete and accurate returns." In order to reconcile privacy concerns with liberal pretrial discovery, a two prong inquiry must be used when determining whether a party's tax returns should be produced for discovery. Tax documents should not be provided for discovery purposes unless 1) they appear relevant to the subject matter of the action, and 2) that there is a compelling need for the documents because the information contained therein is not otherwise readily obtainable.

*Chen v. Republic Restaurant Corp.*, 07-Div. 3307(LTS)(RLE), 2008 WL793686 (S.D.N.Y. 2008)(internal citations omitted).

Even assuming, which plaintiffs do not, that the information in the tax returns is relevant, the defendants' request for the returns should be denied because the information they seek is otherwise obtainable.  For example, they could depose Ms. Belchikov about the bank statements in issue (to which we would agree), or they could serve targeted interrogatories to Dayn Advisors (which we would agree to answer). There may very well be other documentary support for these payments, such as invoices, checks, wire transfers, and other correspondence that prove or disprove the defendants' theories about the company's income.

For these reasons, plaintiffs submit that the defendants' requests for the production of Ms. Belchikov's tax returns and Dayn Advisors' tax returns should be denied.

**This letter is jointly submitted in accordance with the Individual Rules of this Court.**

Very truly yours,

Andrew D. Himmel                                          Brian C. Dunning
Himmel & Bernstein, LLP                                  Dunning Rievman LLP
928 Broadway, Suite 1000                                 1350 Broadway, Suite 2120
New York, NY 10010                                       New York, NY 10018
Attorney for Defendants                                  Attorney for Plaintiff

ADH/BCD/tb
cc: Brian Dunning, Esq. (via Email & ECF)